J. Irwin Shapiro, J.
This is a motion for an order setting aside an order granted by an Official Referee on July 25, 1958, which dismissed the plaintiff’s complaint for his failure to appear before the Referee on a date to which the examination *583 before trial had been adjourned, and for a further order “ allowing the plaintiff to continue to testify at the examination before trial and the defendant be required to proceed forthwith in completing such examination of plaintiff, with plaintiff to produce and display to defendant’s counsel copies of the returns heretofore demanded and which are in plaintiff’s custody and control ; and such examination not to be held open to further await plaintiff’s receipt of copies of returns in the custody of the State; and the plaintiff to display to counsel for defendant any of the demanded copies of returns received by defendant between the time of the termination of the examination and the commencement of trial; with nothing herein deemed a waiver of defendant’s right to examine further in the event of receipt of further copies of returns, after a proper application and showing to the Court; and with nothing herein to be deemed a waiver of plaintiff’s constitutional rights.”
The order of reference, after naming the Official Referee, directed, that he ‘ ‘ preside at such examination and to give any and all rulings required by the parties to such examination, and for the purposes of such examination, the parties hereto are to be bound by said rulings. ’ ’
On July 25,1958 the learned Official Referee made an ex parte order dismissing the plaintiff’s complaint for his failure to appear for examination on July 7, 1958, and directing the entry of judgment in favor of the defendant. The order reads in part as follows: That the examination before trial was begun before the Official Referee ‘ ‘ on the 14th day of March, 1958; and the said examination not having been completed on that day, and being adjourned on plaintiff’s motion and by order of said Official Referee to the 25th day of March, 1958, in order to give plaintiff an opportunity to comply with a ruling made by the said Official Referee at the aforesaid examination that the plaintiff produce at the said adjourned date certain State and Federal income tax returns, material and relevant to the matters and issues raised by the pleadings in this action; and the parties having appeared before the said Official Referee on the 25th day of March, 1958; and counsel for plaintiff having requested an additional adjournment in order to comply with the aforesaid ruling of the said Official Referee; and said adjournment having been granted by said Official Referee to May 19, 1958, and then subsequently to May 28, 1958; and on May 28, 1958 the parties having appeared before ’ ’ the Official Referee; and the plaintiff still having failed to comply with the aforesaid ruling of the Official Referee with regard to the production at said exam *584 ination of the aforesaid papers and documents; and a further adjournment of said examination having been requested by plaintiff to July 7, 1958 and granted by said Official Referee; and defendant having appeared before the said Official Referee on July 7, 1958, ready and willing to continue the said examination before trial of plaintiff; and it appearing that the plaintiff or his counsel having failed to appear on said date, and plaintiff having failed to produce “ said papers and documents pursuant to said rulings of the Official Referee; and defendant having moved this Court for an order to dismiss the complaint of the plaintiff in this action with costs, together with $10. costs of the aforesaid motion; and after reading the papers and pleadings and reviewing the proceedings heretofore had herein; * * * ordered, that the said motion be and the same hereby is granted ’ ’.
In moving to set said order aside the plaintiff contends that the learned Official Referee acted without jurisdiction and that his order dismissing plaintiff’s complaint is “null and void.” The defendant, on the other hand, contends that in view of the provision of the order of reference that the Official Referee was “ to preside at such examination and to give any and all rulings required by the parties to such examination ’ ’ he was vested with such powers as a Supreme Court Justice would have had had he sat at such proceeding, and had plaintiff flaunted his rulings at Special Term.
The order of reference necessarily both prescribes and limits the authority and function of the Referee. If he purports to determine matters not referred to him by the order of reference, he acts beyond and in excess of his jurisdiction.
In this case all that the order of reference did or purported to do was to appoint a Referee to preside at the examination before trial with authority in him to rule on the questions asked and the necessity for giving* answers thereto in the same fashion that a Justice sitting at Special Term does everyday on controverted questions.
It did not give the Referee the power to dismiss the complaint, even in the face of apparent justifiable exasperation with the dilatory tactics pursued by the plaintiff and his discourteous disregard of the rights of his adversary and his obligation to the Referee who had set a special time aside for the continuance of the examination.
If the court at Special Term had adjourned the examination before trial to a day certain, and the plaintiff had failed to appear, certainly the court itself could not have summarily on motion of the defendant, ex parte, dismissed the plaintiff’s *585 complaint. Any such act would have exceeded the court’s power. In like manner the Official Referee exceeded his jurisdiction when he purported to dismiss the plaintiff’s complaint.
The learned Referee here was not, as a Referee, trying a lawsuit in which event he would have power to dismiss the complaint. His sole function was to rule upon the propriety of questions asked and answers given at the examination before trial. Under the circumstances, he was without power to make the order which he did, dismissing the plaintiff’s complaint.
Even if the order of reference could possibly be construed to have vested the learned Official Referee with power to pass on a motion to dismiss the plaintiff’s complaint, if he should fail to appear for examination, such power, under the applicable statute, could only be exercised on notice ’ ’ to the plaintiff.
Section 299 of the Civil Practice Act, so far as here material, reads: Where a party has appeared in an action an order for or notice of examination may be served upon his attorney, and for a wilful failure to appear for the examination or to produce the books and papers required by the order or notice the pleading of the party may he struck out upon application to the court on notice.” (Emphasis supplied.)
In this case it is undisputed that the application to the court” (Off. Ref.) to strike the pleading of the party” was not on notice. ’ ’
The motion to vacate the order dismissing the plaintiff’s complaint is granted and the matter is re-referred to the same Official Referee for a continuation of the examination. The time when, and the manner in which said examination shall be conducted, and what papers and documents shall be required to be produced, are not passed upon here. That is the responsibility, function and duty of the learned Referee.
The letter from defendant’s attorneys to the court was considered in the determination here made and should be recited in the order to be entered hereon, which is to be settled on notice.