Burke, J.
Plaintiffs are attorneys seeking to recover fees for services rendered pursuant to an alleged retainer agreement, which in fact was a typewritten letter from plaintiff Bass to Cedric Janien, president of defendant Bar Steel. Their complaint alleges that they were retained to both prosecute certain claims for Bar Steel against the Merritt-Chapman & Scott Corp., and to defend against counterclaims ultimately totaling $5,000,000 which would be introduced. This letter recited in part that where “ a claim is settled at qny time after trial has commenced or a judgment is procured on that claim, 20% of such amount as is recovered by such settlement or by such judgment of that claim, shall be paid as and for a fee.” Beneath Bass ’ signature, Janien inserted that “ There will be only a 2% charge on the retainage — if it is involved ’ ’. Subsequent events disclose that the defendant intended by this to limit plaintiffs’ recovery to 2% where a settlement constituted the satisfaction of an undisputed claim.
*212 Without either initialing this modification or drafting another retainer agreement, plaintiffs commenced an action on behalf of Bar Steel and secured a judgment of $863,540.92 against Merritt-Chapman & Scott. While an appeal was pending, defendant settled with Merritt-Chapman for $707,000, without consulting plaintiffs. This action followed: plaintiffs alleging that they are entitled either to $172,708 — 20% of the judgment or, in the alternative, to $141,400—reflecting a similar percentage of the settlement. Defendant contends that plaintiffs’ fee is to be based on the final settlement rather than on the judgment amount; and that since it is now conceded by the parties to the initial suit — Bar Steel and Merritt-Chapman — that there was no dispute over $307,050.51 included in the settlement, plaintiffs are only entitled to 2% of this amount ($6,141.01), and to 20% of the remainder of the settlement which is $399,949.49 ($79,989.90). According to defendant’s calculations, plaintiffs are entitled to fees totaling $86,130.91. Having paid $86,000 and after placing the balance in escrow, defendant successfully moved at Special Term for partial summary judgment. That order, affirmed by the Appellate Division without opinion, can only be sustained by this court if it clearly appears that no material and triable issue of fact is presented by these pleadings. (Arrow Bldrs. Supply Corp. v. Royal Nat. Bank, 21 N Y 2d 428; Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404.) Having reviewed this record, we are of the opinion that several triable issues do exist.
At the outset, it should be noted that the court at Special Term determined that plaintiffs, by their actions, agreed to be bound by the retainer agreement as modified. That court then accepted defendant’s contention that the fee was to be based on a percentage of the settlement, rather than on a percentage of the judgment. As indicated above, the retainer provided that where “ a claim is settled at any time after trial has commenced or a judgment is procured on that claim, 20% of such amount as is recovered by such settlement or by such judgment of that claim, shall be paid as and for a fee.” Rephrasing this clause, it provides that, if the claim is settled at any time after trial has commenced, 20% of this settlement shall be paid as and for a fee; however, if the claim is settled after a judgment is procured, the fee shall be 20% of the judgment. If the retainer *213 merely provided that plaintiffs were to receive a percentage of the recovery, the settlement, and not the judgment, would be controlling. (Corcoran v. Kellogg Structural Co., 179 App. Div. 396, 398.) This retainer was intended to overcome the result of Corcoran. Plaintiffs contend that they succeeded in this endeavor. Unquestionably, it is the law of this State that an agreement between a client and his attorney will be construed most favorably for the client. (See 3 N. Y. Jur., Attorney and Client, § 93, and cases cited therein.) Such a rule, of course, is inapplicable in the absence of a true construction problem. The threshold question then is whether this retainer agreement warrants interpretation.
Plaintiffs were retained because of their expertise as trial attorneys. Furthermore, the retainer specifically stated that the agreement did not include appellate representation. The entire contract sustains plaintiffs’ contention that their fee was to be a percentage of the initial judgment. While a jury might conclude that the agreement failed to adequately express the terms of the retainer to Bar Steel, it is apparent that this is at least a “ material and triable issue ” within the meaning of CPLR 3212 (subd. [b]). As the entire decision of the court below was premised on its conclusion that the contract was ambiguous — mandating that plaintiffs ’ compensation be limited by the amount of the settlement — the order appealed from should be reversed in its entirety.
Additional triable issues of fact arose from the defendant’s insertion to the retainer of a clause which attempted to limit plaintiffs’ fee to 2% where the sum recovered represented the payment of an uncontested amount. Defendant has introduced a stipulation from Merritt-Chapman which, while executed in 1965, nevertheléss declares that there was never any dispute over $307,050.51, although litigation was necessary to collect this amount. Plaintiffs attack the stipulation, alleging that it was executed by Merritt in consideration for the settlement agreement. Also, they assert that it does not provide a proper method for determining what sums, if any, were in fact undisputed at the time the retainer agreement was executed in 1961. Finally, these attorneys contend that this provision was accepted by them only to the extent that the “ retainage ” was separate and apart from any litigation. In light of these pleadings, it is *214 apparent that the motion for partial summary judgment was improvidently granted.
For all these reasons, the order appealed from should be reversed, with costs, and the matter remitted to Special Term so that a trial may be held on the issues of fact raised herein.
Chief Judge Fuld and Judges Scileppi, Bergan, Keating, Breitel and Jasen concur.
Order reversed, with costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.