■ JULES SCHER, Appellant, v WARNER F. APT et al., Individually and Doing Business Under the Name of APT, GLUSS, STRAUSS & Co., Respondents. DIANA ROSENTHAL, as Executrix of STANLEY ROSENTHAL, Deceased, Nonparty Respondent. — In an action for the dissolution of two partnerships and for an accounting thereof, plaintiff appeals from an order of the Supreme Court, Nassau County (Burstein, J.), dated December 16, 1981, which, *inter alia,* granted defendants' motion to confirm the referee's report and, upon the application of the referee to fix his fee, set said fee at $10,000, payable by the plaintiff. ¶ Order modified, on the law, by reducing the referee's fee to $1,233. As so modified, order affirmed, without costs or disbursements. ¶ The underlying action is for the dissolution and accounting of two partnerships of certified public accountants. The parties stipulated to a bifurcated trial: first, to determine whether plaintiff's termination from the partnership of Apt, Gluss, Strauss & Co., with which he became affiliated in 1970 upon the dissolution of the partnership of which he had previously been a member, had been a termination for cause; and second, to determine the amount due plaintiff, if any, on an accounting. The first issue was resolved against plaintiff and on appeal the judgment was affirmed by this court (*Scher v Apt,* 62 AD2d 1183, mot to dismiss app granted 46 NY2d 940). Defendants filed their formal accounting on or about November 8, 1978 showing that plaintiff was due the sum of $4,876.91. They thereafter moved to confirm the accounting and to enter a final judgment. At that point plaintiff's accountant put into issue the question of whether plaintiff was also entitled to an accounting of good will. ¶ By order dated March 12, 1979, the court appointed the late I. Stanley Rosenthal as referee to take and state an account. The order of reference did not set forth or suggest a rate of compensation for the referee. A hearing, which proceeded over a total of four days, was conducted on the accounting and the parties submitted posthearing memoranda. In view of the complex nature of the proceeding, the referee obtained the consent of the parties to an indefinite extension of time in which to render a decision. In his written report, the referee accepted the account rendered by defendants with the exception of a slight adjustment in plaintiff's favor representing unaccounted for work in progress. ¶ When defendants moved to confirm the referee's report, the referee submitted an affidavit in which he averred that he had devoted an excess of 148 hours to the business of the reference. Inasmuch as his services as referee had previously been evaluated by the court at the rate of $200 per hour, the referee requested that the court fix his fee in the instant matter at $10,000, predicated upon an estimate of 148 hours at approximately $70 per hour. Special Term granted defendants' motion to confirm the referee's report and fixed his fee at $10,000 payable by plaintiff. Plaintiff appeals. ¶ The key issue presented for resolution is whether a referee can be awarded, upon completion of the reference, a fee which exceeds the statutory per diem rate of compensation when there is no stipulation by the parties and no specific rate set forth by the court in the order of reference. ¶ CPLR 4321 (subd 1) provides as follows: "An order or a stipulation for a reference shall determine the basis and method of computing the referee's fees and provide for their payment. The court may make an appropriate order for the payment of the reasonable expenses of the referee. Unless the court otherwise orders or the stipulation otherwise provides, such fees and expenses of the referee shall be taxed as costs". Absent an

order or stipulation with specific directions on the matter of referee's fees, they will be set at the statutory rate (Siegel, NY Prac, § 379, p 497). CPLR 8003 (subd [a]) entitles a referee to a fee of $50 "for each day spent in the business of the reference * * * unless a different compensation is fixed by the court or by the consent in writing of all parties not in default for failure to appear or plead". ¶ It bears noting that effective April 1, 1983, the Legislature created the position of judicial hearing officer, to be filled by former Judges or Justices of the Unified Court System who have been certified by the Chief Administrator (Judiciary Law, § 850, subd 1, L 1983, ch 840). Subdivision 1 of section 852 of the Judiciary Law regulates the compensation of such officers. CPLR 4321 and 8003 are specifically inapplicable where the reference is to a judicial hearing officer (CPLR 4321, subd 2; 8003, subd [c]). Notwithstanding the fact that Referee Rosenthal was a retired Judge of the District Court of Nassau County, the order of reference predates the effective date of the new legislation such that the instant matter is governed solely by CPLR 4321 and 8003 (subd [a]). ¶ In our view, the statutory per diem rate should apply under ordinary circumstances unless a different rate has been fixed at some preliminary point in the proceeding (see *Rosen Trust v Rosen,* 53 AD2d 342, affd 43 NY2d 693; cf. *National Bank v New Paltz Growers,* 89 AD2d 647). The following commentary is illustrative: "Under former practice, in a reference of any importance the parties usually waived statutory fees when the referee tactfully withdrew from the room at the first hearing. The fee was then set by the court after the report was submitted. Inasmuch as the possibility that the outcome of the reference might induce one or more of the parties to oppose a substantial fee and this unfortunately may become a subconscious element in the referee's decision, it is wiser to fix the basis and method of computing the fees in advance as provided by CPLR 4321. Because the amount of time that the referee will have to devote is difficult to predict when the order of reference is issued, it is impossible to fix the exact fee at that time" (4 Weinstein-Korn-Miller, NY Civ Prac, par 4321.02, pp 43-65 — 43-66). In view of the complexity of the accounting involved herein, the statutory rate is admittedly inadequate to compensate the referee. However, where the parties fail to enter into a stipulation and where the court does not *sua sponte* set the rate of compensation at the time of directing the reference, it is incumbent upon the referee to timely move in order to assure a just compensation for his or her services. In the instant case, the failure of the referee to timely act mandates that his fee be fixed at the statutory rate. ¶ Inasmuch as the referee died prior to the argument of this appeal, it has become impossible to conduct a hearing with respect to the actual number of days expended in the business of the reference. Accordingly, we are constrained to base the fee upon Referee Rosenthal's previously submitted affidavit of services rendered. It is stated therein that the referee spent approximately 148 hours in the business of the reference. When divided into a determinate number of days, using a six-hour work day (see *Rosen Trust v Rosen,* 53 AD2d 342, 366, *supra*), and multiplying this result by the $50 per diem statutory rate, we arrive at the sum of $1,233. The referee's fee is reduced accordingly. ¶ We have considered plaintiff's other contentions and find them to be without merit. Lazer, J. P., Gibbons, Thompson and Weinstein, JJ., concur.