■ CARL H. NEUMAN, Doing Business as SYOSSET HOSPITAL, Appellant, v SYOSSET HOSPITAL ANESTHESIA GROUP, P. C., Defendant, and ZORKA I. BEKERUS, Individually and Doing Business Under the Assumed Partnership Name of SYOSSET ANESTHESIA GROUP, Respondent.—In an action to recover damages for breach of contract in which the defendant Bekerus counterclaimed, *inter alia,* to recover damages for seizure and wrongful retention of her personal property and slander, and for an accounting, plaintiff appeals (1) from an order of Supreme Court, Nassau County (Oppido, J.), dated November 15, 1982, which confirmed a report of a referee and fixed his fee in the sum of $7,000, (2) from so much of an interlocutory judgment of the same court, entered March 15, 1983, as granted judgment to defendant Bekerus on the issue of liability as to her first and second counterclaims, appointed a referee to conduct an assessment of damages and to report concerning the same, and directed that the $7,000 fee of the referee be paid from a certain escrow fund, (3) from an order of the same court, dated August 12, 1983, which denied his motion, *inter alia,* to vacate the interlocutory judgment entered March 15, 1983 and to stay the assessment of damages before the referee, and (4), as limited by his brief, from so much of an order of the same court, dated January 25, 1984, as denied that branch of his motion which was to disqualify the referee.

Appeal from so much of the order dated November 15, 1982 as fixed the referee's fee dismissed, without costs or disbursements. That portion of the order dated November 15, 1982 was superseded by a subsequent judgment of the same court, dated December 10, 1982, and entered in favor of the referee and against both the plaintiff and the defendant Bekerus. In all other respects, order dated November 15, 1982 affirmed, insofar as reviewed, without costs or disbursements.

Interlocutory judgment entered March 15, 1983 affirmed, insofar as appealed from, without costs or disbursements.

Order dated August 12, 1983 affirmed, without costs or disbursements.

Order dated January 25, 1984 reversed, insofar as appealed from, without costs or disbursements, motion granted insofar as it was to disqualify the referee and matter remitted to the Supreme Court, Nassau County, for the appointment of a new referee and a de novo hearing before the new referee on the issue of damages.

Although the referee appears to have been served with a copy of the notice of appeal from the order dated November 15, 1982, no notice of appeal was served or filed with respect to the judgment entered thereon dated December 10, 1982 in favor of the referee, and the record does not indicate that the referee was served with copies of the briefs and record on appeal from the order. Under these circumstances, we decline to exercise our discretionary authority to consider the notice of appeal from the order dated November 15, 1982 as a premature notice of appeal from the judgment (CPLR 5520 [c]). Hence, appellant's challenge to the amount of the fee awarded to the referee is not properly before us. However, insofar as the order dated November 15, 1982 confirmed the referee's report, we affirm.

The interlocutory judgment, entered March 15, 1983, in addition to granting judgment to defendant on the issue of liability on her first and second counterclaims, appointed the same referee to assess damages and report thereon to the court.

During the new hearings, plaintiff moved to stay the further conduct thereof or, in the alternative, to withdraw the reference as to damages from the appointed referee on the ground of bias. In light of the dispute over the fees, which stemmed largely from the failure to initially state the basis for computation of the referee's fees in the first reference (*see, Smith v Dunn,* 94 App Div 429, 435, 437; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4321.04; Cunningham and Sullivan, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 4321, p 209; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4321.02), as well as the strong criticism that had been made by plaintiff's counsel of the qualifications of the referee when the initial report was confirmed, the branch of the motion which sought to disqualify the referee should have been granted. Under the circumstances, Special Term should appoint a new referee to conduct a de novo assessment of damages.

We note for the benefit of the court on remittal that unless the order of reference states how the referee's fee is to be computed or the parties stipulate to a different arrangement, the referee's fees will be limited to the statutory per diem fee of $50 (*see,* CPLR 4321, 8003 [a]; *Scher v Apt,* 100 AD2d 582, *lv dismissed* 63 NY2d 866). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.