The STATUE OF LIBERTY—ELLIS ISLAND FOUNDATION, INC., Plaintiff,

v.

INTERNATIONAL UNITED INDUSTRIES, INC., Defendant and Third-Party Plaintiff,

v.

HAMILTON PROJECTS, INC., Third-Party Defendant.

No. 85 Civ. 9506 (LFM).

United States District Court, S.D. New York.

June 2, 1986.

Debevoise & Plimpton by John H. Hall, Bruce P. Keller and Marian W. Payson, New York City, for plaintiff and third-party defendant.

Berger & Paul by Harold W. Paul, New York City, for defendant and third-party plaintiff.

## OPINION

MacMAHON, District Judge.

The law firm of Berger & Paul moves, pursuant to Rule 3(c) of the General Rules for the United States District Courts for the Southern and Eastern Districts of New York, to be relieved as counsel for defendant and third-party plaintiff International United Industries, Inc. ("IUI"). The Statue of Liberty—Ellis Island Foundation, Inc. ("the Foundation") and Hamilton Projects, Inc. ("Hamilton") cross-move, pursuant to Fed.R.Civ.P. 37(b)(2), for an order striking IUI's answer, dismissing its counterclaims and third-party complaint, and rendering a judgment by default. These parties also seek to prohibit IUI from disposing of its assets and from marketing the items covered by the licensing agreements that are the subject of this action. Finally, they seek attorneys' fees and costs.

## FACTS

The Foundation was organized to supervise and raise money for the restoration of the Statue of Liberty and Ellis Island. As part of its program, the Foundation granted IUI a license to sell commemorative ingots and statuettes of the Statue of Liberty. Hamilton acted as the Foundation's agent in negotiating and managing the licensing agreements with IUI.

IUI allegedly did not fulfill its part of the agreements, and, thus, in December 1985, plaintiff brought this action for breach of contract. After IUI failed to respond to plaintiff's amended complaint, plaintiff moved for a default judgment. On February 18, 1986, Judge Edelstein denied that motion. Noting that defendant appeared ready to proceed, he ordered that discovery be completed within sixty days. He warned, however, that defendant's inaction could be considered at a later date in deciding whether a default judgment should be entered.

IUI failed to respond to plaintiff's document requests, and its representatives failed to appear at depositions. Therefore, on March 7, 1986, plaintiff filed an order to show cause why judgment by default should not be entered. Judge Sand denied that application and ordered that depositions be taken during the second week of April and that IUI produce the documents requested by the Foundation. In response to plaintiff's concern that IUI was planning to market on its own behalf the items covered by the licensing agreements, Judge Sand required IUI to submit an affidavit stating that during the discovery period IUI would not market those products.

After Frank Barton, the president of IUI, failed to appear at his deposition and IUI failed to comply fully with the document requests, Berger & Paul made this motion and plaintiff and third-party defendant made their cross-motion.

In response, Mr. Barton filed an affidavit stating that he had difficulty communicating with Berger & Paul, and that he was unable to attend his deposition because he had to appear in bankruptcy court in California. Roy Woolsey, an attorney in California, also averred that he tried to learn the date of the Barton deposition from Berger & Paul but was unable to do so until after the scheduled date. He also states that Mr. Barton has filed for bankruptcy and that it would be a great burden for him to come to New York for a deposition.

## DISCUSSION

■ Berger & Paul moves to be relieved because IUI has not cooperated with the firm and has not paid for its services. Specifically, Berger & Paul claims that IUI failed to answer its telephone calls and letters regarding the conduct of the litigation in general and the scheduling of depositions in particular. Further, the check which IUI gave to Berger & Paul in payment was returned by the bank. Plaintiff opposes Berger & Paul's application on the ground that the law firm "facilitated IUI's uncooperativeness and delay in this litigation" by failing to disclose IUI's lack of cooperation and financial difficulties earlier. Plaintiff also argues that relieving Berger & Paul will further delay discovery and frustrate plaintiff's ability to recover a judgment.

Although we sympathize with plaintiff's concern about further delay, we grant Berger & Paul's application to be relieved. We see no purpose in requiring the law firm's continued appearance, and we do not believe that the evidence shows that the firm was the cause of the delays that have occurred so far. There is no showing that Berger & Paul acted improperly in waiting until now to disclose its client's financial difficulty and its own trouble in obtaining IUI's cooperation. Until quite recently, the law firm apparently believed that these problems could be resolved.

■ Turning to the cross-motions, we grant the application to strike IUI's answer, dismiss its counterclaims and third-party complaint, and render judgment by default. IUI has not complied with the orders of Judges Edelstein and Sand. Mr. Barton did not appear at his deposition. IUI failed to comply fully with plaintiff's document requests. The facts asserted in the affidavits of Mr. Barton and Mr. Woolsey neither excuse nor satisfactorily explain the failure to obey court orders.

Although we grant the cross-motion for a default judgment, we stay entry of the judgment for forty-five (45) days from the date of this memorandum in order to allow IUI one final opportunity to retain new counsel and comply fully with the orders of Judges Edelstein and Sand. We are granting IUI a final chance because of the assertions by Mr. Barton and Mr. Woolsey that IUI is prepared to defend this action and that the previous delays were caused by misunderstandings.

To insure that plaintiff and third-party defendant are not prejudiced during this time period, we prohibit IUI from marketing the items covered by its licensing agreements with the Foundation and Hamilton during the forty-five (45) days. Dur-

ing that time, we also prohibit IUI from disposing of any assets it may have.

■ Finally, we grant the cross motion for attorneys' fees and costs incurred in making this motion. *See* Rule 37(b)(2), Fed.R.Civ.P. This is the third time that plaintiff has had to resort to the courts because of IUI's failure to cooperate in matters that should be routine. We decline, however, to extend these sanctions to the earlier default motions before Judges Edelstein and Sand.

Accordingly:

(1) The motion of Berger & Paul to be relieved as counsel for defendant and third-party plaintiff IUI is granted.

(2) The cross-motion of the Foundation and Hamilton for an order striking IUI's answer, dismissing its counterclaims and third-party complaint, and rendering a judgment by default is granted. During the forty-five (45) days during which judgment is stayed, we prohibit IUI from marketing the items covered by the licensing agreements and from disposing of its assets.

(3) The application of the Foundation and Hamilton for costs and attorneys' fees in making their cross-motion is granted. The Foundation and Hamilton are directed to submit an affidavit to the court, within ten (10) days of the date of this memorandum, setting forth their attorneys' fees. Costs are to be taxed by the court.

(4) Berger & Paul is directed to serve a copy of this memorandum and the final order upon IUI, Mr. Barton and Mr. Woolsey.

Settle order on notice not inconsistent with this memorandum within ten (10) days.