RICHARD HUNKINS et al., Plaintiffs, v LAKE PLACID VACATION CORPORATION, INC., Appellant, and JAMES M. BROOKS, Respondent. (Action No. 1.)

LAKE PLACID VACATION CORPORATION, INC., Appellant, v GER AM PROPERTIES, INC., Respondent. (Action No. 2.)

Third Department, November 20, 1986

## APPEARANCES OF COUNSEL

*Briggs, Dwyer & Smith, P. C. (Ronald J. Briggs* of counsel), for appellant.

*James M. Brooks* for Ger Am Properties, Inc., and others, respondents.

## OPINION OF THE COURT

MAIN, J.

In 1982, Lake Placid Vacation Corporation, Inc. (LPVC), consulted with attorney James M. Brooks in connection with the relocation of a right-of-way over LPVC's property in favor of Richard and Betty Hunkins. Thereafter, Brooks appeared on LPVC's behalf when the Hunkinses commenced a declaratory judgment action against LPVC in 1983. In 1985, the principals of Ger Am Properties, Inc. (Ger Am), consulted with Brooks, their long-time attorney, concerning certain restrictive covenants LPVC was claiming covered Ger Am's property. Brooks immediately advised LPVC by letter in July 1985 that he was representing Ger Am on that matter and when LPVC commenced an action against Ger Am in March 1986 (action No. 2), Brooks, who had received no response to his July letter, appeared on Ger Am's behalf. LPVC then moved to disqualify Brooks from representing Ger Am in action No. 2 on the ground that such representation created a conflict of interest for Brooks. LPVC's motion papers contained, *inter alia,* an affidavit of one of LPVC's principals which stated in part: "I believe that as Mr. Brooks' existing client, L.P.V.C. is entitled to his undivided loyalty which is questionable now that he represents our adversary".

Construing this statement as a questioning of his personal and professional integrity, Brooks moved to withdraw from representation in action No. 1, stating that LPVC's lack of confidence in his integrity rendered him incapable of continuing such representation. Upon consideration of both motions, Supreme Court granted Brooks' motion to withdraw in action No. 1 and denied LPVC's motion to disqualify Brooks in action No. 2. This appeal ensued.

We deal first with the motion of Brooks to withdraw from his representation of LPVC in action No. 1. LPVC, despite questioning Brooks' loyalty and integrity, resists his withdrawal, contending that they will be prejudiced thereby for the reason that they will be forced to secure other counsel on the "eve of trial" which would be costly and cause extended delay. However, it appears that a trial date previously fixed was adjourned because of scheduling difficulties and the opposing attorney has consented to a delay sufficient to enable a substituted attorney time to prepare. Moreover, it appears that all of the issues save one have been resolved by the determination of a motion for summary judgment and the sole issue remaining is the question of the convenience of the relocated right-of-way of plaintiffs in that action. Hence, it does not seem that such a task would be so complex or so time-consuming as to require significant delay and undue expense. It is recognized that an attorney may withdraw from representation only upon a showing of good and sufficient cause for such withdrawal (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 321.13). The question of whether such cause exists is a matter addressed to the court's discretion (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 321.18). While perhaps expressed in a more subtle manner, the affidavit of LPVC's principal flatly challenged Brooks' loyalty and professional integrity. We deem such an accusation, made by a client under oath against his attorney, to be as serious a charge as can be made against a member of the Bar and surely provides the good and sufficient cause necessary for the grant of withdrawal and Supreme Court did not abuse its discretion in so finding.

We next turn to consideration of the motion by LPVC to disqualify Brooks as attorney for Ger Am in action No. 2. Owing to an attorney's continuing duty to protect client confidences (see, Code of Professional Responsibility, DR 4-101 [B]), a successive representation of an interest adverse to that of a prior client is improper where there is a substantial relationship between the issues involved or the same subject matter in the successive representations, or it is shown that relevant confidential information the attorney had access to in the prior representation may be disclosed (Saftler v Government Employees Ins. Co., 95 AD2d 54, 57). Such relief will not be granted, however, where there is no substantial relationship or where the party seeking disqualification fails to identify any specific confidential information imparted to the attorney (supra).

Contrary to the urging of LPVC, there is no substantial relationship between the issues in the two cases nor do they involve the same subject matter. LPVC owns and operates the Holiday Inn in the Village of Lake Placid, Essex County. Action No. 1 concerns a dispute over the location of a right-of-way over a specific portion of the Holiday Inn property. Action No. 2 involves the question of whether a restrictive covenant bars Ger Am from further developing its property in such a manner as to interfere with LPVC's unobstructed view of Mirror Lake. The Ger Am property is located some distance from and across and up Main Street from the Holiday Inn. Where an examination of the nature of the two disputes and the scope and duties of the representation readily reveals the lack of any nexus between the subject matters or the issues, the movant cannot prevail on this ground (see, Tinkle v Ravena Dev. Corp., 60 AD2d 697).

Nor do we find that it has been demonstrated that Brooks had access to confidential information in action No. 1 which may be disclosed in action No. 2. While LPVC asserts that this is so, their allegations are couched in the most general of terms, e.g., "privileged and confidential business information" and "certain confidential financial information * * * and also certain confidential business development and property development plans". The only specific items mentioned are architectural drawings and the abstract of title. Brooks contends that he no longer has the abstract of title and, of course, its contents are a matter of public record. Likewise, the only business development plan he ever saw was one presented at a Village Board meeting of the Village of Lake Placid and the only map he ever saw also was one presented to the Village Board, so they, too, are matters of public record and not confidential. On a disqualification motion, a movant must do more than make bald conclusory allegations. Facts must be demonstrated which would make it reasonable to infer that the attorney gained some information in the prior representation that would be of some value to the present client (Colonie Hill v Duffy, 86 AD2d 645, 646). Mere conclusory allegations are insufficient to deprive the second client of his choice of counsel (Lefkowitz v Mr. Man, 111 AD2d 119, 121-122, appeal dismissed 65 NY2d 1053). Hence, we conclude that LPVC has failed to demonstrate that relevant confidential information, if any, that Brooks had access to in action No. 1 may be disclosed. Since LPVC has failed to show either a substantial relationship between the subject matter or the issues of these

two cases, or that relevant confidential information may be disclosed, Supreme Court did not abuse its discretion in denying the motion for disqualification.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Orders affirmed, with costs.