■ PAUL KOLOMICK, Appellant, v JOAN KOLOMICK, Respondent.—In an action, *inter alia,* for the partition of real property, the plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (Kelly, J.), entered January 9, 1986, as (a) denied his motion to vacate a prior ruling of the court concerning the presence of a friend at the parties' depositions and his motion for the court to disqualify itself, (b) granted the cross motion of the plaintiff's attorney to be relieved as counsel, and (c) on its own motion, appointed a referee to supervise the parties' depositions and directed that the plaintiff bear all the fees, costs and disbursements of the referee; and (2) from an order of the same court, dated September 2, 1986, which, after the depositions were completed, fixed the referee's compensation in the sum of $1,750, directed the clerk of the court to enter judgment in that amount against the plaintiff and in favor of the referee, and directed the plaintiff to pay the court reporter's bill in the sum of $389.05.

Ordered that the order entered January 9, 1986, is affirmed, insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated September 2, 1986, is modified, on the law, by deleting the provision thereof fixing the refer-

ee's fee in the sum of $1,750, substituting therefor a provision fixing the referee's fee in the sum of $100, and reducing the amount for which the clerk is to enter judgment in favor of the referee accordingly; as so modified, the order dated September 2, 1986, is affirmed, without costs or disbursements.

The record, and in particular, the plaintiff's own affidavits, indicated that due to the plaintiff's conduct, continued representation by his attorney would have been unproductive, and any progress in completing the simplest steps of litigation and the parties' depositions would have been impossible. Under the circumstances herein, the court was fully justified in relieving the plaintiff's counsel of a duty to continue to represent him. The court was warranted in appointing a referee to supervise the depositions (see, CPLR 4311; 4 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 4212.07, 4311.01; cf., Korobkin v Chalek, 13 Misc 2d 582, 583, affd 7 AD2d 924), and it did not abuse its discretion, under the circumstances, in providing that the plaintiff bear the full costs and expenses of the referee (see, CPLR 4321; 4 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 4321.01-4321.03).

However, the court did not comply with the statutory requirements in fixing the referee's compensation. Under ordinary circumstances, a referee's compensation is fixed at a rate of $50 "for each day spent in the business of the reference" (CPLR 8003 [a]), unless the court by a prior order, or the parties by stipulation have provided for a different compensation (see, CPLR 8003 [a]; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4321.02; Scher v Apt, 100 AD2d 582, 583, lv dismissed 63 NY2d 866, rearg denied 64 NY2d 755). Here, the court's order of reference did not set forth or suggest a rate of compensation. Following the depositions, the referee submitted a statement averring that he had spent "in excess of eight hours" on the case, and requested compensation of $1,750. Because no provision to vary the compensation was made prior to the referee's performance of his duties, the fee must be fixed at the statutory rate, even though that rate is "admittedly inadequate" (Scher v Apt, supra, at 583). The referee's fee is reduced accordingly. We find no error with the court reporter's fee, as there is no similar statutory or policy restriction. We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.