**Richard A. McGUIRE, individually and on behalf of John P. Tilden, Ltd., Plaintiff,**

**v.**

**J. Robert WILSON, Gerard I. Benson, John J. McGowan, John P. Tilden, Ltd., Russell Miller, Inc. and Russell Miller Inc. of New York, Defendants.**

**No. 87 Civ. 8156 (RWS).**

United States District Court, S.D. New York.

April 9, 1990.

---

Larry J. Silverman, New York City, for plaintiff.

Murray & Hollander, New York City (James J. Murray, of counsel).

## OPINION

SWEET, District Judge.

Plaintiff, Richard McGuire ("McGuire"), moved by letter dated December 20, 1989 to "reopen" the unopposed prior motion by Murray and Hollander ("M & H") to withdraw as counsel to McGuire. For the reasons set forth below, the motion is denied.

*Prior Proceedings*

On November 1, 1989, M & H filed a motion for an order allowing M & H to withdraw as counsel for McGuire. Upon the request of the parties, the motion, originally scheduled to be heard on November 10, was adjourned to December 8, 1990. On December 8, neither McGuire nor his representative appeared for oral argument or requested an adjournment. Accordingly, the motion to withdraw was granted as unopposed. By letter of December 20, McGuire requested the court to "reopen"

the matter on the basis that he had retained new counsel, Mr. Silverman ("Silverman"). By letter of December 27, 1989, M & H opposed this request, on the basis, among others that neither Silverman nor McGuire provided a reason for not attending the December 8 hearing. This letter was treated as a motion returnable January 19, by which date McGuire submitted papers to oppose M & H's withdrawal. M & H were provided with an opportunity to submit reply papers. On January 31, 1990, the motion was considered fully submitted.

*Withdrawal*

Disciplinary Rules 2–110(C)(1)(d) and (f) of the ABA Model Code of Professional Responsibility provide for permissive withdrawal if a client either "makes it unreasonably difficult" for counsel to represent effectively the client or if the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." Model Code of Professional Responsibility DR 2–110 (1980). *See also* Model Rules of Professional Conduct Rule 1.16(b)(5), (6) (1983) (providing similar guidance). Numerous courts have permitted attorneys to withdraw when clients deliberately disregard fee agreements. *See, e.g., Farr Man Coffee, Inc. v. M/S Bernhard S,* No. 87–1267, 1989 WL 31529 (S.D.N.Y. Mar. 28, 1989) (LEXIS, Genfed library, Dist file) (client's refusal to pay or cooperate is reason for withdrawal); *Boyle v. Revici,* No. 83–8997, 1987 WL 28707 (S.D.N.Y. December 9, 1987) (LEXIS, Genfed library, Dist file) (withdrawal upon showing by affidavit of client refusal to assure payment monies due); *Statue of Liberty–Ellis Island Found., Inc. v. International United Indus., Inc.,* 110 F.R.D. 395, 397 (S.D.N.Y. 1986) (law firm entitled to be relieved from representation of client who had not cooperated or paid).

New York State courts interpreting the Code of Professional Responsibility have reached similar results. *See e.g., Tremont Electric, Inc. v. Rampinelli Elec. Co.,* 142 Misc.2d 80, 81, 536 N.Y.S.2d 383, 384 (N.Y. Sup.Ct.1988) (counsel allowed to withdraw as attorney for individual defendant based on failure of defendant to compensate at-

torney for legal services). Courts have permitted attorneys to withdraw where they have not been paid and have been subject to abusive and hostile conduct by the client. *See e.g., Holmes v. Y.J.A. Realty Corp.*, 128 A.D.2d 482, 483, 513 N.Y.S.2d 415, 416 (1st Dept.1987) (court permits attorney to withdraw when payment demanded and client in arrears verbally abuses attorney); *Kolomick v. Kolomick*, 133 A.D.2d 69, 70, 518 N.Y.S.2d 413 (2d Dept. 1987) (court properly relieved counsel when plaintiff's own papers indicated unproductive relationship and completion of matters impossible). A breach in trust or challenged loyalty may also provide a reason to withdraw. *See Hunkins v. Lake Placid Vacation Corp.*, 120 A.D.2d 199, 201, 508 N.Y.S.2d 335, 337 (3d Dept.1986); *Matarrese v. Wilson*, 202 Misc. 994, 996–997, 118 N.Y.S.2d 5, 8 (N.Y.Sup.Ct.1952).

The affidavits filed on this motion establish that the relationship between the parties has deteriorated beyond repair. McGuire alleges numerous mishandlings of his legal representation and his dissatisfaction is marked by animosity and vituperative letters documenting the hostility that exists between him and counsel. Moreover, McGuire has refused steadfastly to make any payments, provide any assurances that he would make any future payments, or acknowledge such payments were due. Indeed, McGuire had refused to discuss the issue prior to the withdrawal motion and according to M & H McGuire has no intention of honoring the retainer agreement requiring McGuire to pay for services rendered. Finally, McGuire has retained new counsel.

McGuire sets forth alleged improprieties of M & H too numerous to discuss in detail yet amounting to charges that M & H has failed to abide by the retainer agreement, that M & H has neither performed legal services deserving of the fee paid nor provided a monthly accounting of the fee calculated, and that M & H has misrepresented the nature of its representation. Irrespective of the merits of these allegations, McGuire does not deny that there exists a dispute over the fees owed and whether they are owed. Although McGuire's recent affidavit states that he is now confident the "breakdown" can be repaired, his dissatisfaction over his representation is not addressed properly in opposition to a motion for withdrawal. Further, no grounds for reopening the default have been set forth.

M & H has responded that McGuire's papers are false, and replete with accusations of bad faith and dishonesty. M & H cannot be expected to continue to represent McGuire when McGuire's own papers adduce evidence of the sad state of financial affairs and the lack of trust between counsel and client. For the foregoing reasons, the motion to "reopen" the order granting withdrawal of counsel is denied.

It is so ordered.