**In re Leonard L. MEYERS, Debtor.**

**No. 90 B 11634(TLB).**

United States Bankruptcy Court,
S.D. New York.

Oct. 30, 1990.

As Amended Nov. 5, 1990.

Kirschner & Nisonoff, New York City, for debtor.

Beldock Levine & Hoffman, Jeffrey L. Zivyak, New York City, for Son Oak Rhee.

## MEMORANDUM DECISION DENYING COUNSEL'S MOTION FOR WITHDRAWAL

TINA L. BROZMAN, Bankruptcy Judge.

Kirschner & Nisonoff ("Kirschner") moves to be relieved as counsel to the debtor. Local Bankruptcy Rule 4(c) provides that counsel who appear as attorneys of record may be relieved only by order of the court, and that such an order may be granted only upon a showing of satisfactory reasons for withdrawal.

■ Prior to the commencement of this chapter 7 case, Kirschner received a retainer of $1,500 for legal services rendered or to be rendered on behalf of the debtor. The firm submits that the services rendered thus far are well in excess of the retainer and that the debtor will be unable to pay not only the fees already accrued but any additional fees if Kirschner is not allowed to withdraw. Kirschner claims that the fees turned out to be higher than could have been expected. Specifically, Kirschner asserts that it did not anticipate a challenge to the debtor's discharge, attendance at two § 341 hearings, demands by the interim trustee for additional information or the need for several amendments to the debtor's schedules, made necessary, Kirschner contends, by the debtor's failure to provide proper financial information.[1]

A number of courts have held that nonpayment of fees alone is insufficient cause for the withdrawal of counsel.[2] *Colter v. Edsall (In re Edsall)*, 89 B.R. 772 (Bankr. N.D.Ind.1988); *In re Pair*, 77 B.R. 976 (Bankr.N.D.Ga.1987); *Kriegsman v. Kriegsman*, 150 N.J.Super. 474, 375 A.2d 1253 (App.Div.1977). Here, the unforeseen developments complained of by counsel should have been little surprise. Indeed, "[a] basic premise of the bankruptcy system is to provide debtors with an opportunity for an economic 'fresh start.' The most significant element of the 'fresh start' concept in the Bankruptcy Code is discharge of liability. In fact, in most consumer Chapter 7 cases the prospect of the discharge of existing liabilities is the major, if not the only, purpose of the case." W. Norton, *Norton Bankruptcy Law and Practice*, § 27.01 (1990). Accordingly, "[c]ounsel who initiate bankruptcy proceedings ... can reasonably expect that the debtor's right to discharge either all or any of its debts will come under scrutiny and may be challenged in an adversary proceeding. For this reason, a complaint pursuant to § 523 or § 727 should come as no great surprise to any debtor's attorney." *Edsall*, 89 B.R. at 774. Similarly, the other demands made upon the firm, namely, requests for additional information by the

---

1. Kirschner also claims, without elaboration, that the case "is now involved with the estate of Mr. Meyers' late wife." (Kenneth Kirschner Affidavit at ¶ 3). Kirschner does not explain how, if at all, this development has affected his representation of the debtor.

2. Cause for withdrawal has been found, however, where in addition to nonpayment of fees, counsel has been the object of hostile conduct by the client, *Holmes v. Y.J.A. Realty Corp.*, 128 A.D.2d 482, 513 N.Y.S.2d 415 (1st Dep't 1987), where the attorney-client relationship has become unproductive, *Kolomick v. Kolomick*, 133 A.D.2d 69, 518 N.Y.S.2d 413 (2d Dep't 1987), and where there has been a breach of trust on the part of the client or a challenge to the attorney's loyalty. *Hunkins v. Lake Placid Vacation Corp.*, 120 A.D.2d 199, 508 N.Y.S.2d 335 (3d Dep't 1986).

trustee or attendance at adjourned 341 meetings, were clearly foreseeable.

█ That Kirschner may not receive full payment for its services is not grounds for permitting its withdrawal. An attorney who undertakes to represent a client assumes obligations towards his client which are not excused merely because the client is unable to pay fees demanded by the attorney. *Pair*, 77 B.R. at 978, *citing*, *Kriegsman v. Kriegsman*, 150 N.J.Super. 474, 375 A.2d 1253. A motion for withdrawal made by an attorney who has not received full payment may be denied where this will not impose an unreasonable financial burden. *Edsall*, 89 B.R. at 776. Because the fee of $1,500 already received by Kirschner is significantly higher than fees generally received in this district by counsel for individual chapter 7 debtors, continued representation will not amount to an unreasonable financial burden.[3]

Moreover, the denial of this motion is consistent with the Model Code of Professional Responsibility DR 2–110(C)(1)(f). The disciplinary rules provide for permissive withdrawal where there has been a deliberate disregard of a fee agreement by a client. Numerous courts have permitted withdrawal of counsel where clients deliberately disregard fee agreements. *McGuire v. Wilson*, 735 F.Supp. 83 (S.D.N.Y.1990); *Statue of Liberty–Ellis Island Found., Inc.*, 110 F.R.D. 395 (S.D.N.Y. 1986) (law firm entitled to be relieved from representation of client who had not cooperated or paid). No deliberate violation of the fee agreement is alleged here; counsel's complaint is that the retainer is insufficient to cover the anticipated fees in the case. That the retainer has been fully exhausted is not evidence of a deliberate violation. "For even where the retainer has been fully exhausted ... a court may *still* refuse to allow the attorney to withdraw."

(emphasis in original). *The Charles Weiner Corp. v. D. Jack Davis Corp.*, 113 Misc.2d 263, 266, 448 N.Y.S.2d 998, 1000 (Civ.Ct.1982).

█ Finally, a denial of the motion serves to effectuate the agreement between the parties. In New York, agreements between attorneys and clients are construed in a manner which is most favorable for the client. *Shaw v. Manufacturers Hanover Trust Co.*, 68 N.Y.2d 172, 499 N.E.2d 864, 507 N.Y.S.2d 610 (1986); *Jacobson v. Sassower*, 66 N.Y.2d 991, 489 N.E.2d 1283, 499 N.Y.S.2d 381 (1985); *Greenberg v. Bar Steel Construction Corp.*, 22 N.Y.2d 210, 239 N.E.2d 343, 292 N.Y.S.2d 404 (1968); *In re B–T Productions, Inc.*, 104 B.R. 596 (Bankr.W.D.N.Y. 1989). As the court of appeals reaffirmed in *Shaw*, although contracts are generally construed against the drafter, as a matter of public policy, courts give particular scrutiny to fee arrangements between attorneys and clients, "casting the burden on attorneys who have drafted the retainer agreements to show that the contracts are fair, reasonable, and fully known and understood by their clients." 499 N.E.2d at 866, 507 N.Y.S.2d at 612. The burden should be no different where, as here, there is no written retainer agreement. No showing has been made that the debtor was informed, let alone understood, or reasonably should have understood, that the $1,500 was but a down payment for the services to be rendered, particularly in light of the payment of what, in the chapter 7 context, is a substantial fee. Indeed, Kirschner does not contend that the oral agreement allowed it to withdraw on the happening of the events it now advances as grounds for its withdrawal.[4] In the absence of an express provision for the withdrawal of counsel, the construction of the agreement most favorable to the client is

---

**3.** The fee typically charged is $750. Occasionally, a simple case is filed for a lesser sum, as low as $500, and occasionally, a very complex case will be filed for a higher amount, but not in excess of $1,500. Under any scenario, the fee received by counsel in this case is at the high end of the spectrum for a case of this nature.

**4.** The affidavit of Kenneth Kirschner states that on receipt of the fee from the debtor "we contemplated that this case would be straightforward and did not foresee impediments to Mr. Meyers' discharge." (Kenneth Kirschner Affidavit at ¶ 2). This, however, refers to expectations of members of the firm, not to any agreement between the firm and its client.

that representation was to continue until the conclusion of the case.

Accordingly, the motion for an order allowing withdrawal of counsel is hereby denied. Settle Order.