■ In the Matter of BLAKE TERRACE ASSOCIATES, Petitioner, v SEYMOUR SOMMERS et al., Constituting the Board of Appeals of the Village of Monticello, Respondents, and MOLLIE SHOSTLE et al., Appellants. KAREN L. SCHAEFER, Respondent.—Levine, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered May 31, 1990 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted Karen L. Schaefer's request for Referee fees.

Pursuant to an order of reference, Karen L. Schaefer was appointed by Supreme Court to serve as Referee for purposes of holding an evidentiary hearing in this CPLR article 78 proceeding in which petitioner challenged a determination denying its application for a zoning variance. Following the hearing, the Referee submitted to Supreme Court a report containing findings of fact and conclusions of law which were adopted in their entirety by the court. Thereafter, the Referee also submitted to the court a fee request accompanied by an affirmation detailing the total number of hours expended and expenses incurred on the case. Based upon that affirmation, Supreme Court determined that the Referee was entitled to $5,400 for the 54.5 hours spent on the case over 46 days and $139.20 for disbursements, and directed that an order be entered in the Referee's favor.

Before any order to that effect was entered, a group of people who had intervened objected to the fee as excessive and violative of CPLR 8003 (a). Supreme Court then adjusted its earlier calculation, fixing the Referee's compensation at the statutory rate of $50 per diem for 46 days and directing that the intervenors pay the Referee $2,300 with interest plus disbursements. This appeal followed.

The intervenors contend on this appeal that because no

provision was made pursuant to CPLR 4321 (1) for the basis or method of computation of the Referee's fee prior to the matter being heard, the maximum compensation to which the Referee was entitled was the statutory $50 per diem applied not to the 46 days reported by the Referee, but to nine six-hour days derived from the total number of hours expended, and that Supreme Court was without discretion to vary this amount (citing *Scher v Apt,* 100 AD2d 582, *lv dismissed* 63 NY2d 866; *Rosen Trust v Rosen,* 53 AD2d 342, *affd* 43 NY2d 693). We disagree. Under the circumstances of this case, it is our view that Supreme Court was free to exercise its discretion to fix a compensation different from that resulting from application of the statutory rate to nine days of work. While we recognize that the basis or method for computing the Referee's compensation is to be set forth in the order or stipulation of reference (CPLR 4321 [1]), we agree with the Fourth Department that CPLR 8003 (a) authorizes the court to fix a fee fairly compensating the Referee even at the conclusion of the reference *(see, Matter of O'Dwyer v Robson,* 103 AD2d 1036; *but see, Kolomick v Kolomick,* 133 AD2d 69 [2d Dept]; *Neuman v Syosset Hosp. Anesthesia Group,* 112 AD2d 1029 [2d Dept]; *Scher v Apt, supra* [2d Dept]). Given the complexity of the issues involved, the volume of testimony adduced at the hearing and the thoroughness of the Referee's report, we cannot conclude that a fee of $2,300, amounting to roughly $42 per hour, was excessive or unreasonable.

As a final matter, we do not reach the Referee's claim that she was entitled to the $5,400 fee initially set by Supreme Court, as she took no cross appeal from its judgment *(see, Nemia v Nemia,* 124 AD2d 407, 408).

Mercure and Harvey, JJ., concur.

Crew III, J. (dissenting). We respectfully dissent. While it is clear that CPLR 8003 (a) provides that a court may fix a different compensation than that statutorily provided for, we believe that such compensation must be established in the order of reference as required by CPLR 4321 *(see, Scher v Apt,* 100 AD2d 582, *lv dismissed* 63 NY2d 866). To hold otherwise would render CPLR 4321 nugatory. To the extent that *Matter of O'Dwyer v Robson* (103 AD2d 1036) holds otherwise, we disagree.* However, by so holding we do not believe that the

---

* Interestingly, the Fourth Department seems to have previously recognized the need for a provision for a Referee's fee in the order of reference if the ultimate fee is to vary from the statutory per diem provided for in CPLR 8003 (a) *(see, Rosen Trust v Rosen,* 53 AD2d 342, 366, *affd* 43 NY2d 693).

Referee's fees in this case must be set in the amount of $450 as urged by the intervenors. In *Scher v Apt (supra),* the Referee had submitted an affidavit of services rendered which merely reflected the number of hours devoted to the reference. Because the Referee had died and it was therefore impossible to conduct a hearing to determine the number of days actually expended in the business of the reference, the court established the Referee's fees by dividing the number of hours spent in the business of the reference by a six-hour work day. In the case at bar, the Referee has submitted a very detailed affidavit reflecting not only the hours spent but the days comprising those hours. From a review of that affidavit, this court is able to ascertain the time actually and necessarily devoted to hearing and determining the questions presented. While it is clear that many of the days in question do not comprise a full working day, it has been recognized that a Referee does not have to work a full day to receive compensation; it is sufficient if any portion of the day is devoted in the business of the reference *(cf., Mead v Tuckerman,* 105 NY 557, 559; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 8003.02). Accordingly, we would award the Referee $1,300 for 26 days actually and necessarily devoted to hearing and determining questions presented plus $139.20 for disbursements.

Mikoll, J. P., concurs. Ordered that the judgment is affirmed, with costs.