■ JAMI M. MAJEWSKI, Appellant, v JEFFREY A. MAJEWSKI, Appellant, and ANTHONY A. CAPETOLA, Respondent. [633 NYS2d 1019] —Separate appeals, pursuant to 22 NYCRR 670.15, from (1) an order of the Supreme Court, Nassau County (Adams, J.), dated January 31, 1995, which fixed the compensation for a judicial appointee, and (2) an order of the same court, dated February 10, 1995, which denied the plaintiff's motion, in effect, to vacate the prior order fixing compensation and to fix the compensation pursuant to CPLR 8003 (a).

Ordered that the orders are affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The order of the Supreme Court, Nassau County, dated October 13, 1994, which referred the matter to a Referee, set forth a specific means of compensating the Referee; that is, upon his affirmation of services rendered, the court would determine an appropriate fee to be shared equally by the parties. Consequently, this case is distinguishable from those relied on by the appellants, namely, *Scher v Apt* (100 AD2d 582), *Neuman v Syosset Hosp. Anesthesia Group* (112 AD2d 1029), and *Kolomick v Kolomick* (133 AD2d 69), where the orders of reference were silent as to the Referees' compensation, thus limiting them to the statutory fee of $50 per diem *(see,* CPLR 8003 [a]).

In addition, the record reveals that the plaintiff-appellant stipulated to the order of reference, which included a provision that the court would fix the fee of the Referee *(see, e.g., Morrison v Bethlehem Steel Corp.,* 75 AD2d 1001). Balletta, J. P., Pizzuto, Joy and Altman, JJ., concur.