■ In the Matter of CHARLES F. PAUL POPPER, Appellant; RITA SEIDEN, Respondent. [660 NYS2d 594] —In a proceeding pursuant to Mental Hygiene Law § 81.33, the objectant Paul Popper appeals from so much of an order of the Supreme Court, Kings County (Leone, J.), dated May 15, 1996, as, (1) confirmed the report of a Referee upon the motion of Rita Seiden for an order to settle her account as the guardian of Charles F., made without a hearing, (2) awarded the guardian a commission, (3) awarded the guardian attorney's fees, and (4) fixed the Referee's compensation in the sum of $3,000.

Ordered that the order is modified, on the law, by (1) deleting the provisions thereof which (a) confirmed the Referee's report, (b) awarded the guardian a commission, and (c) awarded the guardian attorney's fees, and (2) deleting the provision thereof which awarded the Referee $3,000; as so modi-

fied, the order is affirmed, with costs to the appellant and the matter is remitted to the Supreme Court, Kings County, for a hearing with respect to the objections raised by the appellant on the issues of the guardian's commission and the guardian's entitlement to attorney's fees, and for a calculation of the Referee's fee in accordance with the per diem provision of CPLR 8003 (a).

The Referee should have conducted a hearing with respect to the objections which raised factual issues which cannot be determined on the present record (see, CPLR 4320 [a]; Shultis v Woodstock Land Dev. Assocs., 195 AD2d 677; 30 Carmody-Wait 2d, NY Prac § 166:135, at 261; 92 NY Jur 2d, References, § 34). Furthermore, the record before the court on the issue of whether to confirm the Referee's report should contain the documents considered by the Referee in arriving at his recommendation (see, Zakkai v David, 285 App Div 1121). Therefore, the matter is remitted to the Supreme Court so that a hearing can be held and the necessary documentation submitted. At the conclusion of that hearing, the court must determine what commission, if any, is owed to the guardian.

Since the Supreme Court failed to set forth the basis for its award of attorney's fees to the guardian's attorney, this Court is unable to evaluate the appropriateness of that award on the record now before us. Consequently, that issue is remitted for reconsideration (see, Matter of Wogelt, 223 AD2d 309, 315).

Additionally, the Supreme Court erred in awarding the Referee $3,000 in compensation. The Referee submitted a statement averring that he had spent in excess of 20 hours on the matter, and requested compensation of $3,000. However, since the record does not contain any agreement concerning the Referee's compensation which was made prior to the Referee's performance of his duties, the Referee's fee must be limited to the statutory per diem fee of $50 (see, CPLR 8003 [a]; Majewski v Majewski, 221 AD2d 420; Neuman v Syosset Hosp. Anesthesia Group, 112 AD2d 1029).

The appellant's remaining contentions are without merit. Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.