■ M. JOHN PITTONI, Respondent, v DONALD J. BOLAND et al., Appellants. [717 NYS2d 646] —In an action, *inter alia,* for an accounting, (1) the defendants appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (De-Maro, J.), entered October 29, 1999, which, among other things, granted the plaintiff's motion to confirm the report of a Referee and is in favor of the plaintiff and against them in the principal sum of $454,214.98, and (2) the defendant Harold J. Fugazzi appeals from an order and judgment (one paper) of the same court, also entered October 29, 1999, which, *inter alia,* granted the plaintiff's motion to confirm the report of the Referee and is in favor of the plaintiff and against him in the principal sum of $19,000.

■ M. JOHN PITTONI, Respondent, v DONALD J. BOLAND et al., Respondents. ELI WAGER, Nonparty Appellant. [718 NYS2d 631] —In an action, *inter alia,* for an accounting, the nonparty Referee appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), entered October 5, 1999, which, among

other things, denied his application for a fee calculated at the rate of $300 per hour for his services and awarded him the statutory amount of $50 per day.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly denied the appellant's request for payment for 151 hours of work at the rate of $300 per hour and determined that he was entitled only to the statutory rate of $50 per day (*see,* CPLR 8003 [a]). Where, as here, there is no stipulation by the parties, nor a specific rate set forth by the court in the order of reference, a Referee's fee is limited to the statutory rate of $50 per day (*see,* CPLR 8003 [a]; *Matter of Charles F.,* 242 AD2d 297; *Scher v Apt,* 100 AD2d 582). Accordingly, the Supreme Court properly calculated the appellant's fee pursuant to CPLR 8003 (a). O'Brien, J. P., Ritter, Santucci and Schmidt, JJ., concur.