IN THE MATTER OF ATTEMPTED ANNEXATION OF TERRITORY

TO THE CITY OF MUNCIE, INDIANA.
[No. 671A113. Filed December 13, 1971.]

*Corbett McClellan,* of Muncie, for appellant.

*Frank E. Spencer,* of Indianapolis, for appellees.

BUCHANAN, J.—*STATEMENT OF THE CASE AND FACTS*—A group of citizens seek to appeal after their remonstrance against a certain ordinance annexing territory to the City of Muncie, Indiana, was held to be insufficient by the trial court.

The muddled facts as best they can be gleaned from the briefs and the record in this case, are more readily understood by a chronological statement of what transpired in the trial court:

> *March 23, 1967*—Remonstrance filed against the City of Muncie with respect to the annextion of certain territory to the city. Corbett McClellan shown as attorney of record for Plaintiff-Appellants (Remonstrators).

> *June 9, 1970*—Petition of Intervenors, Moon, Glaser, Mitchell, McCammack and Moore (Intervenors) To Intervene granted by the court.

> *December 28, 1970*—Writ of Mandate by Indiana Supreme Court appointing Sue Shields Special Judge. Special Judge orders Auditor of Delaware County to prepare and file a certified report as to the number of property owners, assessed valuation and other information relating to the sufficiency of the remonstrance.

*January 5, 1971*—Corbett McClellan files withdrawal of appearance which is noted in the minutes of the court and Warner, Clark & Warner by Charles R. Clark enter their appearance on behalf of Remonstrators. Court takes no action allowing withdrawal of Mr. McClellan or approving or disapproving such change of counsel. Report of Auditor filed pursuant to previous court order. Charles R. Clark on behalf of Remonstrators files Motion to Set Aside prior order of the court entered December 28, 1970. (No action taken by the court.) Cause set for hearing at 10:30 on January 18, 1971, on question of sufficiency of the remonstrance.

*January 18, 1971*—Petition to Intervene filed by City of Muncie and hearing on sufficiency of remonstrance re-set for 10:30 A.M. on February 1, 1971, and notice thereof ordered made upon the Remonstrators, Intervenors and the City of Muncie. Also cause set for pre-trial conference on January 20, 1971 (and again on February 23, 1971.)

*March 3, 1971*—Charles R. Clark of Warner, Clark & Warner files Motion to Withdraw Appearance on behalf of Remonstrators, which Motion is then set for hearing on March 17, 1971; hearing on sufficiency of remonstrance re-set for 1:30 on March 26, 1971, and notice of the hearing on the Motion and the hearing on the remonstrance were ordered published in a newspaper of general circulation in Delaware County twice, one week apart, the last publication being prior to the 17th day of March, 1971.

*March 17, 1971*—Proof of publication filed. Court holds hearing on Motion of Warner, Clark & Warner to withdraw appearance and court allows Remonstrators' attorneys of record to withdraw.

*March 26, 1971*—Court renders judgment declaring the remonstrance insufficient and orders same stricken of record. Court specifically finds "that proper notice of this hearing has been provided to all interested parties." Neither Remonstrators or counsel on their behalf are present, although Intervenors appear by counsel. Court bases its judgment on the Auditor's reports indicating that remonstrance was prima facie insufficient under applicable statutes.

*April 15, 1971*—Corbett McClellan files appearance for Remonstrators and a Motion to Correct Errors.

*April 22, 1971*—Motion to Correct Errors submitted and overrule.

Omitting formal parts, Remonstrators' Motion to Correct Errors filed on April 15, 1971, enumerated these errors:

1. Denial of a fair trial to these Remonstrators in that the Court failed to properly and correctly count the names of the Remonstrators and failure of the Court to properly and correctly count the names of the property owners in the proposed area in Center Township.

2. Denial of a fair trial and irregularity in the proceedings in that the Court entered a judgment in these proceedings without granting a hearing as to the manner used by the Auditor to ascertain the Landowners of Center Township.

3. Denial of a fair trial and irregularity in the proceedings in that the trial court entered a judgment on the report of the Auditor when there was no evidence as to the day, date, and year of the records used by the Auditor, as they relate to the date of the city ordinance, in the Auditor's count of the Center Township Landowners affected thereby.

4. Abuse of discretion by the trial court in that the trial court entered a judgment on the report of the Auditor when there was no evidence as to the day, month, and year used by the said Auditor when he made an examination of his records or the tax duplicates in making his report of the Landowners of Center Township affected thereby.

5. Denial of a fair trial and irregularity in the proceedings in that the trial court entered a judgment in these proceedings based upon a report of the Auditor as to valid signatures when there was no evidence concerning the manner in which the Auditor determined signatures to be either valid or invalid, as they relate to being counted as Remonstrators.

6. Denial of a fair trial and irregularity in the proceedings in that the trial court entered a judgment in these proceedings based upon a report of the Auditor without evidence as to the manner and standards used in determining the interest in real estate of each person whose name appears as a Remonstrator.

7. Abuse of discretion by the trial court in that the trial court entered a judgment in these proceedings based upon a report of the Auditor as to valid signatures when there was no evidence concerning the manner in which the Auditor determined signatures to be either valid or invalid as they relate to being counted as Remonstrators.

8. Abuse of discretion by the trial court in that the trial court entered a judgment in these proceedings based upon a report of the Auditor without evidence as to the manner and standards used in determining the interest in real estate of each person whose name appears as a Remonstrator.

9. The decision of the trial court is not supported by sufficient evidence upon all the necessary elements of determining the validity of the remonstrance, in the following particulars, to-wit:

A. There is no evidence before the Court as to the manner, standards and methods used by the Auditor in determining the Landowners of Center Township affected thereby;

B. There is no evidence before the Court as to the manner and methods of the Auditor in determining the validity or invalidity of a signature on his return to the Court;

C. There is no evidence before the Court concerning the effective day, month and year to which the Auditor referred to in making his report to the Court concerning the Landowners of Center Township.

10. The decision of the trial court is contrary to law in the following particulars, to-wit:

A. The Court based its entry of March 26, 1971, upon unsworn testimony of the County Auditor;

B. The Court in its original order to the Auditor of Delaware County ordered the Auditor to inform the Court of the interest in real estate of each person who signed the remonstrance. There is no showing of any kind as to the

manner in which the Court made determination as to the validity of the remonstrance or the Auditor's return;

C. The Court in its entry of March 26, 1971, did not make a determination within the meaning of the statute in that the statute ·contemplates that here will be evidence presented to the Court and the right of examination and cross examination shall exist;

D. The Court failed to grant the Remonstrators the right to present evidence concerning the number of Landowners in Center Township affected thereby, and the number of Remonstrators who had signed the remonstrance.

E. The Court by its actions violated Article I, Section 12 of the Indiana Constitution in that by its failure to hear evidence of these Remonstrators it violated the right to due course of law.

11. Denial of a fair trial in that the Court heard no evidence by Remonstrators concerning the number of Landowners in Center Township affected thereby, and the number of Remonstrators who had signed the remonstrance.

*ISSUES*—The Remonstrators contend that it was error for the court to rely solely on the Auditor's report and further that they were denied a fair trial and an opportunity to be heard because they received no actual notice of the hearing on March 26, 1971, and that the two weeks publication of notice is contrary to Ind. Ann. Stat. § 2-807 (Burns 1946 Repl.) which provides for three weeks publication. Further, that when the court permitted Mr. Clark to withdraw his appearance on March 17, 1971, the Remonstrators were left without any legal counsel.

Intervenors take the position there are no issues before the court for determination due to certain defects in appellant's brief and the record, and that in fact Remonstrators had notice of the hearing on March 26, 1971, and their Motion to Correct Errors in no way raises the question of adequacy of notice.

The issues thus become:

I. Is Remonstrators' brief sufficient to comply with the Indiana Rules of Appellate Procedure?

II. Is the question of notice properly before this court?

III. Were Remonstrators denied a fair hearing as to the alleged defects in the Auditor's Report?

*DECISION*—The decision of the trial court entering judgment against the Remonstrators on March 26, 1971, should be affirmed.

I. Appellee properly points to certain errors and defects in Remonstrators' brief. While we wish to promote compliance with the Indiana Rules of Appellate Procedure, the defects indicated are not fatal in view of our decision in *Willsey* v. *Hartman* (1971), 149 Ind. App. 5, 269 N. E. 2d 172. Because the decision of the trial court is affirmed in this case, we do not deem it necessary to consider other possible violations of the Appellate Rules, particularly those relating to caption of the case and the designations of the parties and their status in the trial court.

II. & III. The assigned errors set out by Remonstrators in their brief relate exclusively to denial of a fair trial because the trial court improperly relied on an erroneous Auditor's report in finding the remonstrance to be insufficient. In aid of this argument they add in their brief that they have been denied a fair trial due to lack of actual notice of the March 26, 1971, hearing and that the published notice was published for two weeks rather than three, contrary to statutory requirements.

As these contentions intermingle much the same elements we dispose of them together. We find them to have a transparent emptiness.

The first and most obvious infirmity, is that the question of lack of notice or inadequacy of notice is in no way raised

in the Motion to Correct Errors. TR. 59(G) unmistakably provides that, "Issues which could be raised upon a Motion to Correct Errors may be considered upon appeal only when included in the Motion to Correct Errors filed with the trial court." Appellate Rule 7.2(A)(1)(a) further provides that, "No assignment of error other than the Motion to Correct Errors shall be included in the record." Also see Appellate Rule 8.3(7) and Harvey & Townsend, Indiana Practice Vol. 4, § 59.7. So, any matter raised on appeal not presented to the trial judge in the Motion to Correct Errors is outside the issues on appeal and is waived.[1]

While this action was begun in 1967, it is subject to TR. 84 of the Indiana Rules of Trial Procedure adopted January 1, 1970, which provides that the new rules shall govern in all proceedings after they take effect except to the extent that the court may provide otherwise. No such provision was made in this case. Compare *Marcum* v. *Richmond Auto Parts* (1971), 149 Ind. App. 120, 263 N. E. 2d 660.

Secondly, the attempt to raise a notice question on appeal is contrary to the specific finding of the court that notice was given. This court on appeal will not set aside the findings or judgment "unless clearly erroneous," and there is nothing in the record to indicate the court's finding of notice was erroneous. TR. 52(A)(3).

And last, but not least, the Remonstrators did have notice of the March 26, 1971, hearing because their counsel of record was present on March 3, 1971, when it was set for trial on March 26, 1971. As early as 1876, in *Blessing* v. *Dodds,* 53 Ind 95, our Supreme Court recognized that notice to counsel of record is notice to the client. This same principle is followed in *Kuhn* v. *Indiana Ice & Fuel Co.* (1937), 104 Ind. App. 387, 11 N. E. 2d 508, and in *Wise* v. *Curdes* (1941), 219 Ind. 606, 40 N. E. 2d 122. In *Wise* the court said:

---

1. Remonstrators in their brief alleged error in that the trial court did not rule on certain pending motions before entering judgment. This error also was not included in the Motion to Correct Errors.

"Ordinarily the knowledge of an attorney gained while acting for a client and within the scope of his employment is deemed to be the knowledge of the client to whom it is presumed to have been imparted."

The law firm of Warner, Clark & Warner were present on March 3, 1971, as counsel of record when the question of sufficiency of the remonstrance was set for March 26, 1971, and remained as counsel until March 17, 1971, when the court sustained their Motion to Withdraw Appearance. Therefore, the Remonstrators were not denied a fair hearing as to any defects in the Auditor's Report or the sufficiency of their remonstrance. They had notice. *Wise* v. *Curdes, supra.*

The appellee maintains that the withdrawal of appearance by Corbett McClellan on January 5, 1971, was ineffectual because it was not approved by the court. It is true that counsel may not withdraw from a cause without permission of the court. *Symmes* v. *Major* (1863), 21 Ind. 443. In *The State of Indiana, on Relation of Dean H. Neeriemer, Relator* v. *The Daviess Circuit Court of Daviess County* (1957), 236 Ind. 624, 142 N. E. 2d 626, the court said:

"Consistent with that duty of an attorney to represent a client to the termination of a case in litigation, it has been held that an attorney may not withdraw from a case in litigation without proof of cause and/or consent of his client and the permission of the court. *Symmes* v. *Major* (1863), 21 Ind. 443."

Whether the Remonstrators had one or two counsel of record is of no moment. The Remonstrators had counsel of record on March 3, 1971, when the hearing on the sufficiency of the remonstrance was set for March 26, 1971, and on previous occasions when the matter had been set for hearing. Even if not present, a court speaks through its record which counsel is presumed to have knowledge.

We recognize the right of a client to change or substitute attorneys at any stage in the proceeding, provided the other party is not prejudiced or justice denied. 7 C.J.S. *Attorney*

*& Client* § 119 (1937). One of the purposes of the rule prohibiting an attorney from withdrawing from a cause without leave of court is to protect the interest of the client. The record shows that on March 17, 1971, the court after being duly advised in the premises and no objections having been presented, allowed Warner, Clark & Warner to withdraw their appearance.

It appears from our forced journey into the record that the Remonstrators began these proceedings with one counsel, later switched to second counsel and thereafter substituted second counsel with original counsel.

Like the belle of the ball who arrives with one escort, discards him for another, and then discovers at the end of the evening she has somehow missed the Grand March, the Remonstrators should not now be heard to complain.

The judgment is therefore affirmed.

Sullivan, P. J., Lowdermilk and Robertson, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 198.