In re Richard Steven PAIR, Debtor.

In re Michael M. YOUNG, Debtor.

In re Arthur Frank
COCKRELL, Debtor.

In re Walter SHEALEY, Lucenda
Shealey, Debtors.

In re William Dean
DAUGHTRY, Debtor.

Bankruptcy Nos. 85–00386, 85–02271,
85–04454, 85–06623 and 86–03082.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 28, 1987.

Paul C. Parker, Paul C. Parker & Associates, Decatur, Ga., for debtors.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the court are motions for review of debtors' attorneys' fees in five Chapter 13 cases, to wit: Richard Steven Pair, Michael M. Young, Arthur Frank Cockrell, Walter and Lucenda Shealey, and William Dean Daughtry. Paul C. Parker & Associates represent each of the debtors in these respective cases.

It was brought to the court's attention by one of the subject debtors that counsel was charging and collecting post-filing fees from debtors which might be improper. Upon further inquiry, it appeared that in some instances, a portion of the retainers

were being paid after filing but without prior court approval. Allegedly such payments were disclosed in the attorney's disclosure statement. Further, the attorney on occasion apparently filed disclosure statements reflecting retainers paid or to be paid and then filed fee applications which reflected payment of a different amount. In each of the cases in question, except for Michael M. Young, counsel has been paid a post-filing fee in excess of the amount allowed by the court without obtaining prior court approval. Counsel has attempted to circumvent the applicable court approval process by filing an "amended disclosure statement."

In the Michael M. Young case, counsel failed to appear at a scheduled hearing on a motion to lift stay. This debtor advised the court his counsel was not present because he (the debtor) had not paid counsel an additional $200 fee to attend the hearing. Based on these occurrences the court then requested that the Chapter 13 trustee review these cases, although the court could have done so on its own motion. *See* 11 U.S.C. Section 329; Bankruptcy Rule 2017. After review by the trustee, the subject motions were filed and came on for hearing upon notice.

The following is a summary of the facts in each of these cases:

*Richard Steven Pair*

This case was filed January 25, 1985. The attorney's disclosure statement showed $60 paid, $250 due, and $300 to be paid under the plan. On March 1, 1985, the counsel filed a petition for compensation reflecting payment of the $60 filing fee and $0 in attorney's fees and seeking allowance of attorney's fees of $550 to be paid under the plan. On March 11, 1985, the court entered an order allowing and approving payment of these attorney's fees. On March 22, 1985, the attorney filed an amended disclosure statement showing that an additional $65 in attorney's fees and $10 in filing costs had been paid by the debtor for filing an amendment substituting lienholders. On February 24, 1987, the trustee filed a motion to dismiss. The file reflects that debtor's attorney made de-

mand for hearing on the trustee's motion to dismiss but it was not timely filed. Accordingly, the case stands dismissed. This case has not yet been officially closed in that no notice has been sent to creditors nor has an order of dismissal been entered. On March 18, 1987, the attorney filed another amended disclosure statement showing that debtor paid an additional $200 to the attorney for filing a response to a motion to dismiss and attendance at the hearing. Neither of the additional payments were pursuant to application and court approval.

*Michael M. Young*

This case was filed May 3, 1985. The attorney's disclosure statement showed that debtor had paid $100 and that $510 was to be paid outside the plan. On September 16, 1985, the attorney filed a petition for compensation showing that debtor had paid $240 plus the $60 filing fee and that $310 was now requested to be paid under the plan. On October 4, 1985, the court entered an order approving payment of these attorney's fees. Thereafter, Key Capital Corporation, filed a motion for relief from the automatic stay which came on for hearing on April 30, 1987. The debtor appeared but counsel failed to appear. When the court inquired of the debtor concerning counsel, the debtor advised that he had discussed this motion with counsel who advised that he would not represent debtor with regard to the motion unless debtor first paid an additional attorney's fee of $200. This court has never authorized any such additional charge. The court notes that counsel did appear some time after the motion hearing had been concluded.

*Arthur Frank Cockrell*

This case was filed August 23, 1985. The attorney's disclosure statement stated that $60 had been paid, $100 was due in one week, and $450 was to be paid under the plan. On September 4, 1985, the attorney filed a petition for compensation reflecting that $100 had been received plus the $60 filing fee and that $450 was now requested to be paid under the plan. On September 12, 1985, the court entered an order approving payment of these attor-

ney's fees. On February 13, 1987, the attorney filed an amended disclosure statement showing that an additional $200 in attorney's fees had been charged to the debtor for preparing and filing a demand for hearing on trustee's motion to dismiss and attending said hearing. No prior court approval of the additional compensation was or has been obtained. On April 14, 1987, this case was converted from Chapter 13 to Chapter 7.

*Walter and Lucenda Shealey*

This case was filed December 2, 1985. The attorney's disclosure statement showed that debtors had paid $210 and that $400 was to be paid under the plan. On December 11, 1985, counsel filed a petition for compensation reflecting that debtor had paid $150 plus the $60 filing fee and that $400 was now requested to be paid under the plan. By order of January 9, 1986, the court allowed and approved payment of these attorney's fees under the debtor's plan. On March 26, 1987, counsel filed an amended disclosure statement showing that debtors had paid counsel an additional $200 for consultation and attendance at the hearing on a motion for relief from stay filed by Fleet Finance. No court approval of the additional compensation was obtained.

*William Dean Daughtry*

This case was filed April 28, 1986. The attorney's disclosure statement showed that debtor had paid $60, $150 was due, and $400 was to be paid under the plan. On May 28, 1986, counsel filed a petition for compensation reflecting that debtor had paid $150 plus the $60 filing fee and requesting that $400 be paid under the plan. By order of June 4, 1986, the court approved payment of these attorney's fees. Thereafter, on April 1, 1987, counsel filed an amended disclosure statement showing that debtor had paid an additional $200 for consultation and attendance at the hearing on Trust Company's motion for relief from stay. No court approval of the additional compensation was obtained.

## CONCLUSIONS OF LAW

The court will first address counsel's failure to represent his client. Here, counsel, Paul C. Parker & Associates, undertook representation of the debtor, Michael M. Young, accepted a retainer and other fees, filed the Chapter 13 and generally represented the debtor in this case. Counsel failed to appear and represent the debtor at a hearing on a motion for relief from stay filed by Key Capital Corporation. When the debtor appeared at the hearing on April 30, 1987, he advised the court that counsel had refused to represent him at that hearing due to debtor's inability to pay additional attorney's fees of $200. Counsel had not been discharged by debtor nor authorized by this court to withdraw as debtor's counsel. The court notes that counsel did appear later in the day to apologize for the nonappearance.

Generally, when an attorney undertakes representation he assumes obligations and duties to his client to handle the matter. As the court in *Kriegsman v. Kriegsman*, 150 N.J.Super. 474, 375 A.2d 1253 (1977) succinctly stated:

> [A]n attorney has certain obligations and duties to a client once representation is undertaken. These obligations do not evaporate because the case becomes more complicated or the work more arduous or the retainer not as profitable as first contemplated or imagined. Attorneys must never lose sight of the fact that 'the profession is a branch of the administration of justice and not a mere money-getting trade.' As Canon 44 of the Canons of Professional Ethics so appropriately states: 'The lawyer should not throw up the unfinished task to the detriment of his client except for reasons of honor or self-respect.'

*Id.* at 1256.

That court emphasized that the attorneys should not be allowed to withdraw representation merely because their client was unable to pay all the fees the attorneys demanded. *See also State v. Weiner*, 37 Ohio St.2d 11, 305 N.E.2d 794 (1974).

Georgia prescribes rules for professional conduct found in the Code of Professional Responsibility, O.C.G.A. Title 9, Part IV (Appendix) (1982 & Supp.1986), Rule 4–

102(d), Standard 22, which provides in pertinent part as follows:

> If permission for withdrawal from employment is *required by the rules of a tribunal,* a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission. In any event a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules.[1] (emphasis added).

This court follows the local district court rules of practice with regard to its provisions for attorney withdrawal. Local Rule 110–5(a), N.D.Ga. provides, among other things, for prior written notice to the client of an intent to request permission to withdraw, a written motion to be served upon the client and opposing counsel, and the expiration of ten days prior to the motion's submission to the court.

■ This court recognizes the uniqueness and scope of bankruptcy cases. By their very nature, bankruptcy cases may encompass numerous matters which are similar in scope to several nonbankruptcy civil suits. Since Chapter 13 cases, such as the present group, usually continue from three (3) to five (5) years, counsel can reasonably anticipate that some of the variety of matters cognizable in a Chapter 13 case will arise. Once employed, counsel's representation continues unless and until he is discharged by the debtor or withdraws upon court approval. Such court approval involves considerations of fairness, reasonableness and proper protection of debtor's rights based on the circumstances in each case. While they should not be unreasonably burdened, counsel cannot be permitted to initiate cases and then simply abandon debtors. Absent exceptional or unusual circumstances, counsel will be required to represent the debtor client until the conclusion of the case.

Further, this court has never hesitated to authorize additional compensation for professional services beyond those originally anticipated. The Code clearly authorizes allowance of additional compensation when warranted. However, counsel must comply with the Bankruptcy Code, Rules and case law in seeking such additional or further compensation.

■ This court concludes that despite the fact that the Young case may have become more involved than originally anticipated and Mr. Young did not pay the additional fees requested, counsel, Paul C. Parker & Associates, owed a duty to Mr. Young to represent him at the April 30 hearing. The court cannot countenance such actions by counsel and will impose sanctions of a $25 reduction in fees to be paid to the clerk of this court.

The next issue is the payment of attorneys' fees in Chapter 13 cases. Attorneys' fees in bankruptcy cases are not matters for purely private agreement. Bankruptcy courts have a unique responsibility to examine the reasonableness of attorneys' fees when an attorney is seeking compensation from assets of the bankruptcy estate. *See* Sections 327 to 330 of the Bankruptcy Code and Bankruptcy Rules 2016 and 2017; *In re S.T.N. Enterprises, Inc.,* 70 B.R. 823, 15 B.C.D. 871 (Bankr.D.Vt. 1987). Pursuant to Bankruptcy Rule 2017, the court on its own motion or the request of a party in interest, may order a refund of the payments determined to be excessive to the estate or to the debtor. The court may do this despite agreements between the debtor and his attorney.

When employed by a Chapter 13 debtor, an attorney may collect a reasonable fee, or a portion thereof, prior to filing a case, but always subject to court review. To the extent that the fee is not collected pre-petition, the Code permits attorneys' fees to be paid, after court approval, through the

---

1. The language of this rule is identical to the Model Code of Professional Responsibility Disciplinary Rule 2–110(A).

debtor's plan. Once a Chapter 13 case is filed collection of further compensation, absent exceptional or unusual circumstances, is prohibited without prior court approval. The attorney must first file an application for compensation and obtain an order approving and allowing such compensation and fixing the method of payment. *See* 11 U.S.C. Section 329; Bankruptcy Rules 2016, 2017.

Due to the large volume of Chapter 13 cases, the court allows counsel to be paid a fee in an amount up to $750 for the average Chapter 13 case. When paid through debtor's plan, the court approves a fee up to the amount of $750 upon a simplified application. This procedure has been developed by the court in the interests of economy to debtors and counsel. Such allowances are, of course, subject to objection by the debtor, creditors or the trustee. Prior to July 1986 the maximum fee generally allowed for the routine Chapter 13 case was $550. This was increased to $750 due to additional services required by the increased filings of motions to lift stay, amendments to schedules, modifications of plans, or some combination thereof. All of the subject cases were filed prior to July 1986.

■ Further, in the occasional exceptional case, a fee in excess of $750 may be appropriate based upon the unusual circumstances of the case. Where an increased allowance is sought, counsel must file an application which strictly complies with the Bankruptcy Code, Rules and the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).[2] Any such application requires notice and a hearing, after which the court will allow or disallow compensation as is found to be appropriate. Each such application must comply with the *Johnson*

factors, including a detailed itemization of all services rendered from the date of employment through the date specified by the application. Absent such detailed itemizations, additional compensation cannot and will not be allowed. Failure to file a proper application will result in denial of additional compensation.

■ In summary, the practice of Paul C. Parker & Associates of collecting post-filing attorneys' fees, without prior application and court approval, is in violation of the Bankruptcy Code, Rules and case law. Such practice cannot and will not be tolerated by the court. Because of counsel's disclosure of payments, ready acknowledgment of the practice and assurances that the practice has been terminated, the court will limit and will not impose sanctions beyond those set out hereinafter. Counsel is admonished, however, that future violation will not be tolerated and more stringent sanctions may be imposed. Accordingly, it is

ORDERED that in the Michael M. Young case, No. 85–02271, that Paul C. Parker & Associates, counsel for debtor, failed to appear and represent the debtor at the April 30, 1987 hearing. The court will impose a sanction in this case of a fee reduction in the sum of $25 for such failure to appear with payment to be made to the clerk of this court for refund to the debtor. Failure to appear and represent clients before this court in the future may result in more stringent sanctions upon counsel; and it is

FURTHER ORDERED that, in the Richard Steven Pair case, No. 85–00386, the attorney's fees of $65 and of $200 paid by debtor were not pursuant to application and court approval and Paul C. Parker & Associates, counsel for debtor, shall refund

---

**2.** The *Johnson* factors are as follows:

(1) The time and labor required.

(2) The novelty and difficulty of the questions.

(3) The skill requisite to perform the legal service properly.

(4) The preclusion of other employment by the attorney due to acceptance of the case.

(5) The customary fee.

(6) Whether the fee is fixed or contingent.

(7) Time limitations imposed by the client or the circumstances.

(8) The amount involved and the results obtained.

(9) The experience, reputation, and ability of the attorneys.

(10) The "undesirability" of the case.

(11) The nature and length of the professional relationship with the client.

(12) Awards in similar cases.

the sum of $265 to the clerk of the court for deposit into the registry of the court within 10 days after entry of this order. The clerk of the court shall hold this amount for thirty days after entry of this order to afford counsel an opportunity to file an application for additional compensation. Should counsel not file such application within such thirty day period, the clerk shall disburse said sum to the debtor. Should counsel for the debtor file application for additional compensation, the clerk shall hold said sum pending further order; and it is

FURTHER ORDERED that, in the Arthur Frank Cockrell case, No. 85–04454, the sum of $200 paid by debtor was not pursuant to court authorization upon application, and Paul C. Parker & Associates, counsel for debtor, shall refund the sum of $200 to the clerk of this court for deposit into the registry of the court within 10 days after entry of this order. The clerk of the court shall hold this amount for thirty days after entry of this order to afford counsel an opportunity to file an application for additional compensation. Should counsel not file such application within such thirty day period, the clerk shall disburse said sum to the debtor. Should counsel for the debtor file application for additional compensation, the clerk shall hold said sum pending further order; and it is

FURTHER ORDERED that the attorneys' fees of $200 in the Walter and Lucenda Shealey case, No. 85–06623, and of $200 in the William Dean Daughtry case, No. 86–03082, were not pursuant to application and court approval and Paul C. Parker & Associates, counsel for debtor, shall refund said sums to the Chapter 13 trustee within 10 days of the entry of this order. The trustee shall hold these amounts for thirty days after entry of this order to afford counsel for these debtors an opportunity to file applications for additional compensation. Should counsel not file such applications for additional compensation within thirty days of the entry of this order, the Chapter 13 trustee shall apply said funds to the debtors' cases and disburse said monies pursuant to the confirmed plans or further orders of this court. Should the attorney

timely file applications for additional compensation, the trustee shall hold said funds pending further order of the court; and it is

FURTHER ORDERED that any applications for additional compensation requested by counsel in each case shall meet the requirements as elaborated in this order and failure to do so may result in disallowance of any additional compensation; and it is

FURTHER ORDERED that counsel, Paul C. Parker & Associates, make payment in each respective case as provided herein and file an affidavit of compliance, with a copy to the court in chambers, within 10 days of the entry of this order.

IT IS SO ORDERED.