**In re Denis E. CARVAJAL and Miriam J. Segovia, Debtors.**

**No. 07–10363–RGM.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

April 25, 2007.

Tommy Andrews, Jr., Tommy Andrews, Jr. P.C., Alexandria, VA, for Debtors.

11. The reorganized debtor's request for an award of costs and attorneys fees in defending the claim is denied.

## MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

THIS CASE was before the court on April 24, 2007, on two motions to approve reaffirmation agreements. Debtors' counsel was not present.

The court reminds counsel that once he makes an appearance in a bankruptcy case, he has made an appearance for all matters in that bankruptcy case and must appear with respect to them unless otherwise excused by the court. Reaffirmation agreements are an integral part of chapter 7 representation of debtors. By accepting a chapter 7 case, counsel is accepting all aspects of the case including counseling with respect to reaffirmation agreements, negotiations with creditors with respect to reaffirmation agreements, and representing debtors in court with respect to reaffirmation agreements.

This is not to say that counsel is not to be paid for these services. It is expected that counsel will be paid for all services he renders. If these services are not included in the flat fee, he may charge additional fees agreeable with the client. However, whether fees are paid or not paid by the client does not permit counsel to fail to stop representing his client through all aspects of the case. If there are difficulties with the attorney-client relationship, including non-payment of fees, counsel may seek leave to withdraw. The court is not favorably inclined to permitting counsel to withdraw solely because a reaffirmation agreement is involved in the case particularly where there are or may be other matters to be addressed.