**In The Matter of Kenneth Robert COLLMAR, Joy Lynn Collmar, Debtors.**

No. 09–40028.

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Oct. 14, 2009.

Michael S. Cox, Macey & Aleman, Indianapolis, IN, for Debtors.

Robin Tubesing, Office of the United States Trustee, South Bend, IN, for U.S. Trustee.

### *DECISION*

ROBERT E. GRANT, Bankruptcy Judge.

Many decisions emphasize that when an attorney undertakes the representation of a bankruptcy debtor they are agreeing to do so for the entire case and not simply for various bits and pieces of it. *See e.g., In re Egwim,* 291 B.R. 559 (Bankr.N.D.Ga. 2003); *In re Castorena,* 270 B.R. 504, 528–30 (Bankr.D.Idaho 2001); *In re Carvajal,* 365 B.R. 631 (Bankr.E.D.Va.2007); *In re Hodges,* 342 B.R. 616, 619–20 (Bankr. E.D.Wa.2006). This court has expressed similar sentiments. *See, In re Edsall,* 89 B.R. 772 (Bankr.N.D.Ind.1988). While the court can relieve counsel of that ongoing obligation, by allowing them to withdraw, doing so generally requires compelling reasons, exceptional or unusual circumstances. *Id.* at 773–74; *Castorena,* 270 B.R. at 528. One reason for this judicial supervision is to protect the interests of the client. *In re Annexation of Territory to City of Muncie,* 150 Ind.App. 245, 276 N.E.2d 198, 204 (1971).

The matter presently before the court requires it to consider whether counsel can contract around these principles, by excluding certain things from the services it agrees to provide its client. In particular the issue involves whether debtors' counsel can permissibly exclude reaffirmation agreements from the scope of its representation and whether the court can approve a reaffirmation agreement when debtors' counsel does not participate in the reaffir-

mation process.[1]

Debtors entered into a reaffirmation agreement with Wells Fargo Bank, which the court was asked to approve. At the hearing to consider doing so the debtors appeared in person, but their attorney did not. Furthermore, the attorney had not signed off on any of the representations that § 524 contemplates debtor's counsel will make in connection with a reaffirmation agreement. When the court inquired as to the reasons for counsel's absence, and his apparent failure to participate in the reaffirmation process, the debtors informed the court that, even though they had asked him to do so, they had been told their attorney would not represent them in connection with the reaffirmation because the firm's policy was not to do that. As a result, the court continued the hearing. In doing so it directed counsel to be prepared to address why they did not participate in the negotiations concerning the agreement, whether counsel can permissibly exclude reaffirmations from the scope of their representation of debtors, and whether the court can approve a reaffirmation agreement when the debtors have counsel but counsel does not make the certifications or representations required by the statute. Counsel failed to appear for the continued hearing,[2] and the matter was then taken under advisement.

The court in *In re Minardi,* 399 B.R. 841 (Bankr.N.D.Okla.2009), thoroughly considered the obligations of debtor's counsel regarding the reaffirmation process and concluded that the importance of the decision to reaffirm an otherwise dischargeable debt and the responsibilities imposed upon debtor's counsel by both § 524 and Oklahoma's Rules of Professional Conduct did not permit counsel to exclude those services from the representation of his clients. This court finds Judge Michael's analysis to be persuasive, but must nonetheless consider whether the result should be any different under Indiana law. It is not.

The Indiana Rules of Professional Conduct allow a lawyer to "limit the scope and objectives of the representation if the limitation is reasonable under the circumstances and the client gives informed consent." I.R.P.C. 1.2(c). Both requirements must be satisfied for the limitation to be proper: the limitation must be reasonable and the client must give informed consent to it. In this case, neither of these requirements have been met.

When a debtor files bankruptcy, its goal is much more than simply filing a petition seeking relief under a particular chapter of the Bankruptcy Code. Instead,

---

**1.** Nearly a year ago, the court faced the same issue in a different case, involving a different attorney, from a different office, of this same law firm—Macey & Aleman. *See, Matter of Gregory,* Case No. 08–11657, Order dated Sept. 26, 2008 (Bankr.N.D.Ind.). At that time, the court was informed that while excluding reaffirmations from the scope of representation may have once been the firm's policy, the policy had changed; the firm's actual policy was to participate in the reaffirmation process; and, the only reason counsel had not done so then was that the new policy had not been communicated to the firm's Northern Indiana offices. *Id.,* Response filed Oct. 15, 2008. Apparently, the change in

policy was not communicated to the firm's Indianapolis office either. Or, perhaps, the policy only changes on a lawyer-by-lawyer, office-by-office, basis when the court has the opportunity to question counsel's actions.

**2.** As best as the court can tell from subsequent proceedings, because the order for this hearing was linked to the reaffirmation agreement on the court's docket and referred to the reaffirmation agreement in the docket text and the notice of electronic filing, and because counsel does not represent his clients regarding reaffirmations, counsel never opened or read the court's order.

debtors do so to obtain the ultimate relief that chapter provides. They come to the bankruptcy process to "reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt.'" *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (quoting *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)). It is counsel's obligation to help their client achieve this goal and this requires counsel to assist them throughout the entire journey through the bankruptcy process, not just at selected steps along the way. *Egwim,* 291 B.R. at 570, 572–73; *Castorena,* 270 B.R. at 530. *See also, In re Bulen,* 375 B.R. 858 (Bankr.D.Minn.2007). The decision whether or not to reaffirm a debt, and if so upon what terms—or if an agreement is not possible, to choose some other alternative—is part of that journey. It is an integral part of reordering affairs and making the peace with creditors that is the debtor's ultimate bankruptcy goal; it is a critical part of the bankruptcy process. *Carvajal,* 365 B.R. at 632; *In re DeSantis,* 395 B.R. 162, 169 (Bankr.M.D.Fla.2008). Congress not only included it among the duties imposed upon a debtor by the Bankruptcy Code, 11 U.S.C. § 521(a)(2) (concerning the filing and performance of the statement of intention regarding debts secured by property of the estate), it also contemplated that debtor's counsel would play a significant role in the process. *See,* 11 U.S.C. §§ 524(c)(3), (k)(3)(J), (k)(5) (concerning certifications debtor's counsel is to make in connection with a reaffirma-

tion agreement). *See also, In re Isom,* 2007 WL 2110318 *3, 2007 Bankr.LEXIS 2437 (Bankr.E.D.Va.2007) ("Congress wanted to interject the informed judgment of debtor's counsel into the process."). In light of these considerations, excluding reaffirmation agreements and the reaffirmation process from the scope of counsel's representation of a debtor is not a reasonable limitation.[3] *Accord, Minardi,* 399 B.R. at 852; *Egwim,* 291 B.R. at 573.

█ Even if reaffirmation agreements could permissibly be excluded from counsel's representation of a bankruptcy debtor, there is nothing to indicate that these debtors gave their informed consent to such an exclusion. Informed consent is defined as,

> the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct. I.R.P.C. 1.0(e).

As explained by the definition's associated commentary, it is counsel's responsibility to see that the client has the information needed to make an informed decision:

> Ordinarily, this will require communication that includes a disclosure of the facts and circumstances giving rise to the situation, any explanation reasonably necessary to inform the client ... of the material advantages and disadvantages of the proposed course of conduct and a discussion of the client's ... options and alternatives. In some circumstances, it may be appropriate for a lawyer to advise a client ... to seek the advice of

---

**3.** The fact that an attorney cannot exclude reaffirmations from the scope of representation does not mean that counsel cannot charge a reasonable fee for additional services beyond those originally anticipated by or encompassed in a flat fee agreement.

Nonetheless, counsel cannot condition performing those services upon payment or, unless granted permission to withdraw, refuse to provide them. *Egwim,* 291 B.R. at 573–75; *Carvajal,* 365 B.R. at 632. *See also, Edsall,* 89 B.R. at 775–76.

other counsel. I.R.P.C. 1.0, Comment [6].

Nothing in this case suggests that any of this was done. Counsel made no effort to give the debtors information concerning the reaffirmation process, to explain the advantages and disadvantages of having counsel's assistance during that process, the consequences of not having that assistance, or of the alternatives to the exclusion, including the alternative of hiring other counsel who would not exclude reaffirmations from the scope of representation. Indeed, rather than making an informed decision concerning the scope of counsel's representation, it appears that the debtors were not even aware of the limitation until they sought counsel's assistance with the reaffirmation, which was refused because of the firm's policy not to do such things. Instead of giving their informed consent to the limitation, the debtors were confronted with an after the fact surprise.

■■■■ The decision to reaffirm an otherwise dischargeable debt plays a critical role in the bankruptcy process—so critical, that assistance with the decision is part of the services that make up the competent representation of a chapter 7 debtor. Furthermore, the Bankruptcy Code places the responsibility for advising a debtor about the reaffirmation process and evaluating the effect of each agreement on debtor's counsel. *Minardi,* 399 B.R. at 848. *See also, DeSantis,* 395 B.R. at 169; *In re Adams,* 229 B.R. 312, 315 (Bankr.S.D.N.Y. 1999). As a result, a reaffirmation agreement which lacks the participation of debtor's counsel cannot be approved. *Id.* at 855; *Adams,* 229 B.R. at 315; *In re Isom,* 2007 WL 2110318 *3, 2007 Bankr.LEXIS 2437 (Bankr.E.D.Va.2007); *In re Dawson,* 2008 WL 687105 (Bankr.E.D.Va.2008). The motion to do so will be DENIED.